**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ASIYA JAWAD | ) | CASE NO. |
| 9048 Quantum Square Drive, Apt. A4 | ) | |
| Columbus, Ohio 43240, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| THE OHIO STATE UNIVERSITY WEXNER | ) | |
| MEDICAL CENTER | ) | **JURY DEMAND ENDORSED** |
| D/B/A OHIO STATE BEHAVIORAL | ) | **HEREIN** |
| HEALTH OLENTANGY RIVER ROAD | ) | |
| 3650 Olentangy River Road, Suite 310 | ) | |
| Columbus, Ohio 43214, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| THE OHIO STATE UNIVERSITY | ) | |
| 901 Woody Hayes Drive, 2nd Floor | ) | |
| Columbus, Ohio 43210 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Asiya Jawad, by and through undersigned counsel, as her Complaint against

Defendants The Ohio State University Wexner Medical Center doing business as Ohio State

Behavioral Health Olentangy River Road and The Ohio State University (collectively, "OSU"),

states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Jawad is alleging a

    Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII").

2.  All of the material events alleged in this Complaint occurred in Franklin County.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.  Within 300 days of the conduct alleged below, Jawad filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-02344 against OSU ("Jawad EEOC Charge").

5.  On or about August 10, 2022, the EEOC issued a Notice of Right to Sue letter to Jawad regarding the Charge of Discrimination brought by Jawad against OSU in the Jawad EEOC Charge.

6.  Jawad received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

7.  Jawad has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

8.  Jawad has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

9.  Jawad is a former employee of OSU.

10. Jawad started working for OSU in or around 2018.

11. Jawad worked for OSU as a Psychometrist and Pharmacy Technician.

12. Jawad is African American.

13. During Jawad's employment, OSU employed three other Psychometrists, Tom Spangler, Cameron Finley, and James McGrew.

14. Spangler is Caucasian.

15. Finley is Caucasian.

16. McGrew is Caucasian.

17. Jawad's supervisor was Erica Dawson.

18. Dawson is Caucasian.

19. While working in the Psychometry Department, Dawson administered a language fluency and language intelligence test on Jawad, then interpreted the results to her ("Disparate Treatment Test").

20. Dawson did not conduct the Disparate Treatment Test with the other Psychometrists.

21. Dawson did not require Spangler to take the Disparate Treatment Test.

22. Dawson did not require Finley to take the Disparate Treatment Test.

23. Dawson did not require McGrew to take the Disparate Treatment Test.

24. Dawson told Jawad, "My two-year-old knows more of those words!" (First Offensive Comment).

25. Jawad was offended by Dawson's First Offensive Comment.

26. Dawson did not make similar comments to Spangler.

27. Dawson did not make similar comments to Finley.

28. Dawson did not make similar comments to McGrew.

29. Dawson singled Jawad out for the Disparate Treatment Test and then insulted her because of her race.

30. Dawson gave Jawad more difficult assignments.

31. Dawson assigned Jawad patients with severe psychiatric disorders and asked Jawad to frequently perform difficult Deep Brain Stimulator tests.

32. Dawson did not assign Spangler the same level of difficult assignments.

33. Dawson did not assign Finley the same level of difficult assignments.

34. Dawson did not assign McGrew the same level of difficult assignments.

35. Dawson frequently sent Jawad messages during Jawad's meetings with patients, even after Jawad complained that it was overly distracting ("Distracting Messages").

36. Dawson did not send Spangler Distracting Messages.

37. Dawson did not send Finley Distracting Messages.

38. Dawson did not send McGrew Distracting Messages.

39. On or about January 6, 2021, Dawson told Jawad that she was not to send out team-wide emails.

40. However, Spangler, Finley, and McGrew were allowed to send out team-wide emails.

41. On or about January 29, 2021, Dawson harshly criticized Jawad's scoring on a Wechsler Memory Scale test and Mini-Mental Status Examination test and went through Jawad's patient charts looking for potential criticism to make.

42. Conversely, Finley scored the same way on those tests and Dawson did not criticize him or go through his patient charts.

43. While working in the Pschometry Department, Jawad was forced to work off the clock in small increments.

44. These small increments totaled on average 50 minutes to an hour each week.

45. Having already worked 40 hours each week, this time was eligible for overtime pay at a rate of one and a half time Jawad's base wage.

46. Jawad complained to Dawson about this time she was forced to work off the clock and the fact that she was not receiving overtime pay for the time ("Report of Unpaid Overtime").

47. Dawson did nothing to eliminate this additional work or ensure Jawad was compensated for her time properly.

48. On or about February 25, 2021, Jawad met with Dawson and Kathryn Campbell-Anthony.

49. Campbell-Anthony is a Senior Human Resources Representative.

50. Campbell-Anthony is Caucasian.

51. Jawad told Dawson and Campbell-Anthony that she was being treated disparately from Spangler and Finley for doing the same things and for performing at the same level.

52. Despite Jawad's resistance to the disparate treatment she was experiencing, Dawson and Campbell-Anthony informed Jawad that OSU was terminating her employment ("Termination").

53. OSU has a progressive disciplinary policy ("Discipline Policy").

54. A verbal warning is the lowest level of discipline in the Discipline Policy.

55. Jawad did not receive a verbal warning before the Termination.

56. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

57. Jawad did not receive a written warning before the Termination.

58. A termination is the highest level of discipline in the Discipline Policy.

59. OSU knowingly skipped progressive disciplinary steps in terminating Jawad.

60. OSU knowingly terminated Jawad's employment.

61. OSU knowingly took an adverse employment action against Jawad.

62. OSU knowingly took an adverse action against Jawad.

63. OSU intentionally skipped progressive disciplinary steps in terminating Jawad.

64. OSU intentionally terminated Jawad's employment.

65. OSU intentionally took an adverse employment action against Jawad.

66. OSU intentionally took an adverse action against Jawad.

67. OSU knew that skipping progressive disciplinary steps in terminating Jawad would cause Jawad harm, including economic harm.

68. OSU knew that terminating Jawad would cause Jawad harm, including economic harm.

69. OSU willfully skipped progressive disciplinary steps in terminating Jawad.

70. OSU willfully terminated Jawad's employment.

71. OSU willfully took an adverse employment action against Jawad.

72. OSU willfully took an adverse action against Jawad.

73. On or about February 25, 2021, OSU terminated Jawad.

74. As a direct and proximate result of OSU's conduct, Jawad suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

75. Jawad restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Throughout her employment, Jawad was fully competent to perform her essential job duties.

77. OSU treated Jawad differently than other similarly-situated employees based on her race.

78. OSU violated Title VII by discriminating against Jawad due to her race.

79. On or about February 25, 2021, OSU terminated Jawad without just cause.

80. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

81. OSU terminated Jawad based on her race.

82. OSU violated Title VII when they terminated Jawad based on her race.

83. As a direct and proximate result of OSU's conduct, Jawad has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

84. Jawad restates each and every prior paragraph of this complaint, as if it were fully restated herein.

85. As a result of OSU's discriminatory conduct described above, Jawad complained about the race discrimination she was experiencing.

86. Subsequent to Jawad's reporting of race discrimination and disparate treatment to her supervisor, Jawad was terminated.

87. OSU's actions were retaliatory in nature based on Jawad's opposition to the unlawful discriminatory conduct.

88. Pursuant to Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

89. As a direct and proximate result of OSU's conduct, Jawad suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Jawad respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)       Requiring OSU to abolish discrimination, harassment, and retaliation;

    (ii)      Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)     Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)     Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v)     Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring OSU to expunge her personnel file of all negative documentation;

(c) An award against each Defendant to Jawad for her unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(d) An award against each Defendant of compensatory and monetary damages to compensate Jawad for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(e) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(f) An award of reasonable attorneys' fees and non-taxable costs for Jawad claims as allowable under law;

(g) An award of the taxable costs of this action; and

(h) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 683-7331
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorneys for Plaintiff Asiya Jawad*

## JURY DEMAND

Plaintiff Jawad demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
**SPITZ, The Employee's Law Firm**